RECEIPT # 62186
AMOUNT $ 250
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 2-16-05

FILED
IN CLERKS OFFICE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
2005 FEB 16  P 1:48

U.S. DISTRICT COURT
DISTRICT OF MASS.

Michael E. Quinn,

    Plaintiff,             )        CIVIL ACTION NO.

                        )

vs.                   )

                        )

Home Depot U.S.A., Inc.,

    Defendant.      )

# 05-10313 RCL

## COMPLAINT AND DEMAND FOR TRIAL BY JURY MAGISTRATE JUDGE Cohen

### Jurisdiction

1.    Jurisdiction of all Counts is conferred by 28 U.S.C. 1332, as there is a complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### Parties

2.    The Plaintiff, Michael E. Quinn ("Quinn"), is a citizen of the Commonwealth of Massachusetts, Middlesex County.

3.    The Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a Delaware for-profit corporation with a principal place of business in Atlanta, Georgia.

### Factual Allegations

4.    On or about March 4, 1996 Quinn commenced employment with Home Depot at its Store 2674 in Waltham, Massachusetts as a Sales Associate.

5.    Throughout his employment with Home Depot, Quinn consistently received superior

performance reviews and merit-based pay increases.

6.    Quinn was rated as "promotable" by his supervisors.

7.    Quinn received numerous Good Job Performance Recognition notices.

8.    Quinn was twice named Associate of the Month for Store 2674.

9.    Quinn was named Associate of the Month for his department on eight occasions.

10.   Quinn received monetary rewards for outstanding performance on four occasions.

11.   As recently as March, 2003 Quinn's overall performance was rated as "Outstanding" by his supervisor.

12.   By late 2003, Quinn was performing many of the duties of Department Head for Department 22 (Outside Building Materials), and was being groomed for a formal promotion to Department Head and/or Assistant Manager.

13.   In or around late October, 2003 Quinn was approached by two individuals while standing in front of a snow blower display. One of the individuals asked Quinn about a special "deal" on the snow blowers. Mr. Quinn replied that there were no sales on the items. The individual then stated, "You know what we're talking about, you work outside don't you."

14.   Upon information and belief, there had been numerous prior incidents of high-priced items disappearing from Store 2674.

15.   Quinn immediately reported this incident to an Assistant Department Head who advised him to report it to Store Manager, Robert Murphy.

16.   Quinn reported the incident to Murphy and also (on speaker phone) to a senior Loss Prevention Manager, Christopher Bergeron.

17.  Shortly after reporting the above conduct, a newly-promoted assistant manager abruptly resigned. After meeting with Home Depot managers, this individual remarked to two Home Depot employees that Quinn would not be working for Home Depot by the end of the week.

18.  Approximately two weeks later, on or about January 9, 2004 Quinn was terminated for alleged safety violations. These allegations were false and, in any event and according to Home Depot own policies and procedures, did not warrant termination.

19.  The stated reasons for Quinn's termination were false and in retaliation for Quinn reporting the conduct as set forth above.

20.  Throughout his employment with Home Depot, Quinn consistently met and/or exceeded the legitimate performance expectations for his position.

21.  The above acts and omissions of all Defendants have directly and proximately caused Quinn to suffer lost income and diminished earning capacity, personal injury including emotional distress, and to otherwise be damaged.


COUNT I
Termination in Violation of Public Policy


22.  The Plaintiff adopts by reference all within allegations, and further alleges:

23.  Quinn's employment was terminated by Home Depot in retaliation for reporting actual and/or apparent violations of law.

24.  Home Depot's conduct in terminating Quinn was in violation of a well-defined public policy.

WHEREFORE, the Plaintiff, Michael E. Quinn, demands judgment against Home Depot in an

amount that is fair and reasonable in order to adequately compensate him for his injuries,

together with interest and the costs of this action. Quinn additionally demands reinstatement to

his former or similar position with Home Depot.


**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Michael E. Quinn
By his attorney,

Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666

℥JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael E. Quinn | Home Depot U.S.A., Inc. |

**IN CLERKS OFFICE**
2005 FEB 16 P 1: 48

**(b)** County of Residence of First Listed Plaintiff   **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul F. Wood, Law Office of Paul F. Wood, P.C., 45 Bowdoin St., Boston, MA  02114, (617) 532-2666

Attorneys (If Known)

# 05 - 10313 RCL

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☒ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☒ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        another district
        (specify)

☐ 6   Multidistrict
        Litigation

☐ 7   Appeal to District
        Judge from
        Magistrate
        Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Diversity of citizenship, employment related action

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
02/16/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*FILED
IN CLERKS OFFICE
2005 FEB 16 P 1: 48
U.S. DISTRICT COURT
DISTRICT OF MASS.*

1.  Title of case (name of first party on each side only)  Michael E. Quinn v. Home Depot U.S.A., Inc.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ☑  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

    # 05 - 10 3 1 3 RCL

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    n/a

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐   NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐   NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐   NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐   NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☐   NO ☑

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐      Central Division ☐      Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☑      Central Division ☐      Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Paul F. Wood, Esquire

ADDRESS  Law Office of Paul F. Wood, P.C., 45 Bowdoin Street, Boston, MA  02114

TELEPHONE NO.  (617) 532-2666

(Coversheetlocal.wpd - 10/17/02)