UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MICHAEL E. QUINN,**<br>    **Plaintiff,**<br><br>        v.<br><br>**HOME DEPOT, U.S.A., INC.,**<br>    **Defendant.** | **Docket No. 05-10313RCL** |

### ANSWER OF DEFENDANT THE HOME DEPOT, U.S.A., INC.

Defendant The Home Depot U.S.A., Inc. ("Home Depot") hereby responds to Plaintiff's Complaint as follows:

### JURISDICTION

1.    The jurisdictional statement states a conclusion of law for which no response is required.  To the extent this paragraph contains factual allegations for which a response is required, they are admitted.

### PARTIES

2.    Home Depot is without knowledge or information sufficient to enable it to form a belief as to the truth of the allegation set forth in this paragraph of the Complaint.

3.    Home Depot admits that it is a Delaware corporation with a principal place of business located in Atlanta, Georgia.

### FACTUAL ALLEGATIONS

4.    Home Depot admits that Plaintiff commenced employment with Home Depot at its Waltham, Massachusetts store on or about March 4, 1996.

5.      Home Depot admits only that throughout his employment, Plaintiff's work performance was evaluated and he received increases in his rate of pay.  Further answering, Home Depot states that the written evaluations speak for themselves.

6.      Home Depot admits that Plaintiff was rated as "promotable" by his evaluating supervisor on one or more of his performance evaluations.

7.      Home Depot admits that over the course of his employment, Plaintiff received good job performance recognition notices on several occasions.

8.      Home Depot admits only that Quinn was named Associate of the Month for Store 2674 on one or more occasions over the course of his employment.

9.      Home Depot admits only that Quinn was named Associate of the Month for his department on one or more occasion over the course of his employment.

10.     Home Depot admits that Plaintiff received several merit badges over the course of his employment.

11.     Home Depot admits that Plaintiff was evaluated in 2003 and that his overall performance was rated as "outstanding."

12.     Denied.

13.     Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph of the Complaint.

14.     Denied.

15.     Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph of the Complaint.

16.     Home Depot admits only that in or around late summer, 2003, Plaintiff reported to Christopher Bergeron a conversation that he had had with some customers.

17. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph of the Complaint.

18. Home Depot admits only that on or about January 9, 2004, Plaintiff was terminated for operating a fork lift without wearing a seat belt in violation of Home Depot's safety standards. Further answering, Home Depot states that this was Plaintiff's second safety violation in four months. Home Depot denies that the claim that Plaintiff was operating a fork lift without a seat belt was false and further denies that his failure to use a seat belt under the circumstances did not warrant termination under Home Depot's policies and procedures.

19. Denied.

20. Home Depot states that Plaintiff's job evaluations speak for themselves.

21. Denied.

## COUNT I – Termination in Violation of Public Policy

22. Home Depot re alleges and incorporates each and every response contained in paragraphs one through 21 as though fully set forth herein.

23. Denied.

24. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was employed at all times as an employee at will.

### FIFTH AFFIRMATIVE DEFENSE

All decisions concerning Plaintiff's employment were based on legitimate, non-discriminatory business reasons.

WHEREFORE, Defendant Home Depot, U.S.A., Inc., respectfully prays for judgment dismissing the Complaint and awarding it costs and disbursements in this action.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,

By its attorneys,

_____/s/_____
Allison K. Romantz (BBO# 554909)
Leah Moore (BB#658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
617.523.6666

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel of record, Paul Wood, Esq., Law Office of Paul F. Wood, P.C., 45 Bowdoin Street, Boston, MA 02114 by first class mail, postage prepaid on this 31st day of March, 2005.

_____/s/_____
Allison Romantz